IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DIVERSE STAFFING SERVICES, INC., | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. |
| vs. | : : | 1:20-CV-1122-CC |
| POP DISPLAYS USA, LLC, | : : | |
| Defendant. | : | |

## **OPINION AND ORDER**

This matter is before the Court on Plaintiff Diverse Staffing Services, Inc.'s Motion for Default Judgment [Doc. No. 10] (the "Motion for Default Judgment"). For the reasons set forth below, the Court grants the Motion for Default Judgment.

**I.   PROCEDURAL HISTORY**

On March 11, 2020, Plaintiff Diverse Staffing Services, Inc. ("Plaintiff") commenced this action against Defendant Pop Displays USA, LLC, alleging a claim for breach of contract. (See Compl. [Doc. No. 1].) On March 19, 2020, Plaintiff filed a Return of Service, which indicated that Defendant POP Displays USA, LLC had been served with the Summons and Complaint for Breach of Contract ("Complaint") on March 18, 2020. (See Affidavit of Service [Doc. No. 3].)

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendant's response to the Complaint was due on April 8, 2020.

On April 16, 2020, after Defendant failed to answer or otherwise respond to the Complaint, Plaintiff filed Plaintiff's Application for Clerk's Entry of Default Against Defendant Pop Displays USA, LLC [Doc. No. 6]. The Clerk of Court entered default against Defendant on that same day.

Plaintiff presently moves the Court to enter a default judgment against Defendant on its claims for breach of contract. The Motion for Default Judgment is ripe for resolution.

## II.   STANDARD OF REVIEW

Once a default has been entered, a party may seek a default judgment against the non-responsive party under either Federal Rule of Civil Procedure 55(b)(1) or 55(b)(2). Rule 55(b)(1) provides the following:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk–on the plaintiff's request, with an affidavit showing the amount due–must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

The mere entry of a default by the Clerk of Court does not in itself warrant the entry of a default judgment by the Court. Nishimatsu Constr. Co. v. Houston

Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] A default judgment is appropriate only if the factual allegations in the complaint provide an adequate legal basis to find that the defendant is liable. See Cotton v. Massachusetts Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005). "[A] defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact." Id. (citation and internal marks omitted).

If a default judgment is warranted, the Court may hold a hearing for the purpose of assessing damages. S.E.C. v. Smyth, 420 F.3d 1225, 1231, 1232 & n.13 (11th Cir. 2005) (citing Fed. R. Civ. P. 55(b)(2)). Alternatively, damages may be determined based on affidavits setting forth the necessary facts. Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985). "A court has an obligation to assure that there is a legitimate basis for any damage award it enters . . . ." Anheuser-Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003). However, discretion as to the judgment or the need for a hearing on damages is vested with the district court. Pope v. United States, 323 U.S. 1, 12, 65 S. Ct. 16, 89 L. Ed. 3 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully

---

[1] Fifth Circuit decisions rendered prior to September 30, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

entitled to recover and to give judgment accordingly."); Adolph Coors, 777 F.2d at 1543 (holding court may award damages for default judgment without hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation") (citation omitted).

## III.   ADMITTED ALLEGATIONS

Plaintiff is an Indiana corporation with its principal place of business in Indiana. (Compl. ¶ 1.)  Defendant is a Delaware corporation with its principal place of business in New York. (Id. at ¶ 2.)

Plaintiff entered into a Staffing Services Agreement with Defendant pursuant to which Plaintiff provided Defendant with contract employees in Georgia. (Id. at ¶ 6.)  Under the Contract, Plaintiff paid the contract employees supplied by Plaintiff to Defendant and Plaintiff invoiced Defendant for wages, benefits and other expenses associated with Defendant's use of the contract employees. (Id. at ¶ 7.)  Plaintiff regularly sent Defendant invoices for amounts Defendant owed under the Contract. (Id. at ¶ 8.)  Defendant has failed to pay Plaintiff all amounts owed under the Contract. (Id. at ¶ 9.)  The total amount of outstanding and overdue invoices owed by Defendant to Plaintiff under the Contract, before interests, fees, and costs, is no less than $971,187.03. (Id. at ¶ 10.)

Plaintiff made a demand on Defendant to pay all outstanding amounts due under the Contract.  (Id. at ¶ 11.)  Defendant refused to pay Plaintiff all amounts due under the Contract.  (Id. at ¶ 12.)

## IV.   ANALYSIS

As an initial matter, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant and because the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.  Having established the existence of subject matter jurisdiction, the Court next will examine whether entry of a default judgment is proper as to the breach of contract claim.

A "party claiming a breach of contract has the burden of pleading and proving (1) the subject matter of the contract, (2) consideration, and (3) mutual assent by the parties to all of the contract terms.  Once such a contract is shown, the elements of a right to recover for the breach of said contract are (1) the breach and (2) the resultant damages to the party who has the right to complain about the contract being broken."  Huddleston v. Smith, No. 1:09-cv-03669-JOF, 2010 WL 1410556, at *2 (N.D. Ga. Mar. 30, 2010) (citations and internal marks omitted).  Plaintiff has established each of these elements with respect to its breach of contract claim.

Here, Plaintiff has demonstrated the existence of a Staffing Services Agreement to which Plaintiff and Defendant were parties as of May 14, 2019.  (See Declaration of William F. Laut [Doc. No. 10-2] at ¶ 5.)  Pursuant to the Staffing Services Agreement, Plaintiff agreed to recruit, screen, interview, and assign contract employees to perform work for Pop.  (Id. at ¶ 6.)  Plaintiff also agreed to pay the contract employees wages and provide them with benefits Plaintiff offers the contract employees.  (Id. at ¶ 7.)  In exchange for the services provided by Plaintiff, Defendant agreed to supervise the contract employees, supervise and safeguard the premises where the contract employees worked, and provide a safe worksite to the contract employees.  (Id. at ¶ 8.)  Further, Defendant agreed to pay Plaintiff for its provision of contract employees as set forth in the Staffing Services Agreement.  (Id. at ¶ 9.)  Pursuant to the Staffing Services Agreement, Plaintiff invoiced Defendant for the services provided on a weekly basis, and Defendant agreed to pay the invoiced amount on or before 45 days after the receipt of the invoice. (Id. at ¶ 10.)  Further, Plaintiff and Defendant, through their agents, signed the agreement, thereby manifesting a mutual assent to enter into the contract.  (See id. at ¶ 11.)  As such, the evidence shows that Plaintiff and Defendant entered into a valid and enforceable contract.

Since the Staffing Services Agreement is a valid and enforceable contract, Defendant was contractually obligated to pay Plaintiff for its provision of contract

employees, as well as any additional costs and fees.  (See id. at ¶¶ 5-11.)  Plaintiff invoiced Defendant for services provided under the Staffing Services Agreement on a weekly basis from June 30, 2019 to March 1, 2020, (id. at ¶¶ 12-13), but Defendant failed to pay Plaintiff timely for all amounts outstanding on invoices for the contract employees, (see id. at ¶¶14-15).  As alleged in the Complaint and admitted by Defendant, Defendant currently owes Plaintiff an amount not less than $971,187.03.  (See id. at ¶ 15.)  Accordingly, Defendant has breached its contract with Plaintiff by failing to pay it $971,187.03 in outstanding invoices and interest owed under the Staffing Services Agreement.  Plaintiff is entitled to recover that amount.

## V.     CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff Diverse Staffing Services, Inc.'s Motion for Default Judgment [Doc. No. 10] and **ORDERS** that the Clerk enter judgment in Plaintiff's favor and that Plaintiff recover from Defendant $971,187.03.

SO ORDERED this 26th day of June, 2020.

*s/  CLARENCE COOPER*
CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE